[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a March 11, 1997 judgment entry of the Wood County Court of Common Pleas in which the court denied a request for a permanent injunction brought by appellants, Plain Township Trustees, to prevent appellees, Thomas Kania and Sherri A. Kania, from building a structure on and operating a trucking business from their property located in the township. The trial court ruled that the trucking business operated by appellees is a public utility that is exempt from township zoning regulations. Appellants have presented three assignments of error on appeal which are:
"ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN CONCLUDING THAT THE DEFENDANT/APPELLEES' DUMP TRUCK AND WATER BUSINESS PROVIDES A `PUBLIC SERVICE' AS CONTEMPLATED UNDER A B REFUSE DISPOSERS, INC. AND, HENCE, A `PUBLIC UTILITY' FOR PURPOSES OF O.R.C. 519.211.
"ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN CONCLUDING THAT THE OPERATION OF DEFENDANT/APPELLEES' BUSINESS IS A MATTER OF `PUBLIC CONCERN' AS CONTEMPLATED UNDER A B REFUSE DISPOSERS, INC.
"ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN CONCLUDING THAT THE DEFENDANT/APPELLEES' TRUCKING BUSINESS WAS A `PUBLIC UTILITY' FOR PURPOSES OF O.R.C. SECTION 519.211 BY VIRTUE OF ITS STATUS AS A `PUBLIC UTILITY' FOR PURPOSES OF TITLE 49. [SIC] OF THE OHIO REVISED CODE."
A coalition of interested groups, led by the Ohio Prosecuting Attorneys' Association, has filed an amicus brief in support of appellants.
The record shows that this case began on August 26, 1996, when appellants filed a complaint for preliminary and permanent injunctive relief in the Wood County Court of Common Pleas. Appellants alleged that appellees were violating township zoning ordinances by operating a commercial trucking business from property that was assigned an agricultural zoning classification. The agricultural zoning classification permitted the property to be used only for residential and agricultural purposes.
The complaint stated that appellants first became aware of appellees' activities on January 19, 1996, when appellees applied for a zoning certificate to build a forty foot by forty-eight foot "accessory building" on their property. Appellees planned to attach the new building to an existing detached building on their property, and listed the purpose for the new building as storage. The certificate of zoning approval was issued by the zoning inspector for appellants on the same day he received the application.
Appellants alleged that they subsequently learned that appellees "intended to use the proposed building to store, to maintain, and repair and otherwise service the three to four trucks in their trucking business." Based upon this information, the zoning inspector filed zoning violation reports against appellees on February 28 and February 29, 1996, for running a commercial business from property that was not zoned for commercial activity.
Appellants alleged that on March 18, 1996, appellees applied for a conditional use permit to allow them to operate an "in-home business" from their property. On March 23, 1996, appellants asked appellees to return the certificate of zoning approval that had been issued in January. Appellees did not return the certificate. On April 9, 1996, the Plain Township Board of Zoning Appeals held a hearing on appellees' application for the conditional permit. The board denied the application.
On June 25, 1996, appellants sent notice to appellees that they considered appellees in violation of zoning laws. Appellants told appellees to quit operating the trucking business from the appellees' property by July 31, 1996. Appellants noted in their complaint that appellees had not complied with appellants' demand.
Appellants alleged that irreparable harm would occur if appellees were allowed to continue to ignore zoning laws. Appellees filed an answer on September 24, 1996, denying the allegations that they were violating zoning laws.
As the case proceeded, the trial court held hearings and granted a temporary restraining order to prevent appellees from building the new structure on their property. The trial court lifted the restraining order and denied appellants' request for a permanent injunction on March 11, 1997. The trial court ruled that appellees presented sufficient evidence to show that their trucking business is a public utility. Because the business is a public utility, it is exempt from township zoning regulations. Therefore, appellees are free to build the structure on their property and to operate the trucking business from their property.
Before we address the specific arguments presented in support of and in opposition to the assignments of error, we must first address what standard of review this court will apply in this case. Appellants contend that the correct standard of review is abuse of discretion. Appellees contend that the correct standard of review is whether there is some competent, credible evidence in the record. Amicus Curiae contend that the correct standard of review is de novo.
The Supreme Court of Ohio has clearly stated that the determination of whether a business is a public utility that is exempt from local zoning restrictions is a mixed question of law and fact. A B Refuse Disposers, Inc. v. Bd. of Ravenna Twp.Trustees (1992), 64 Ohio St.3d 385, 387 citing Marano v. Gibbs
(1989), 45 Ohio St.3d 310, 311. The Supreme Court of Ohio has also made it clear that an appellate court is "guided by a presumption that the findings of the trier-of-fact were indeed correct." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. Therefore, "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Id. at 80. If there is competent and credible evidence in the record to support the trial court's findings of fact, this court must accept those facts and then must make an independent analysis of whether the trial court correctly applied the law to those facts. Keeping these standards in mind, we now turn to the first assignment of error.
In support of their first assignment of error, appellants argue that the trial court erred when it concluded that appellees' business is a public utility that is exempt from township zoning laws pursuant to R.C. 519.211(A). Appellants argue that appellees' business does not meet several of the factors Ohio courts consider to decide if a business is a public utility that is exempt from township zoning laws. For instance, appellants argue that appellees' business does not perform a public service. Appellants state that the services appellees provide are not essential. Appellants also state that appellees could arbitrarily or unreasonably withdraw their services.
Appellees reply that their business is a public utility pursuant to R.C. 519.211(A). They state that their services are essential to those who need them, even if they are not essential to all citizens. They also argue that: "Absolute `availability',i.e., the rendering of services at all times and under all
circumstances, has never been a prerequisite to public utility status." They contend that the facts in this case show that their business meets the factors Ohio courts apply to determine that a business is a public utility.
R.C. 519.211 provides, in pertinent part:
 "(A) Except as otherwise provided in division (B) of this section, sections 519.02 to 519.25 of the Revised Code confer no power on any board of township trustees or board of zoning appeals in respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use, or enlargement of any buildings or structures of any public utility or railroad, whether publicly or privately owned, or the use of land by any public utility or railroad, for the operation of its business."
Because the statute specifically states that a township may not impose zoning laws upon a public utility, but does not define what a public utility is, Ohio courts have developed factors to consider to determine whether a business is a public utility under this statute.
In 1992, the Supreme Court of Ohio stated that the public utility status of a business is a mixed question of law and fact. A B Refuse Disposers, Inc. v. Bd. of Ravenna Twp.Trustees (1992), 64 Ohio St.3d 385, 387. The court also noted that while several factors have been identified in case law to determine whether a business is a public utility, no factor is itself controlling and "each case must be decided on the facts and circumstances peculiar to it." Id. The syllabus therefore contained the following language:
 "The determination of whether a particular entity is a public utility for the purpose of exemption from local zoning restrictions requires a consideration of several factors related to the `public service' and `public concern' characteristics of a public utility. While the definition of a `public utility' is a flexible one, the entity must provide evidence that it possesses certain attributes associated with public utilities or its claim to that status must fail." Id. at 385, syllabus.
Within the text of its opinion, the A B Refuse Disposers, Inc.v. Bd. of Ravenna Twp. court gave some suggested factors to consider. Id. at 387, 388. See, also, State ex rel. O'Brien v.Powerfone, Inc. (Dec. 23, 1997), Franklin App. No. 97APC05-639, unreported. For instance, the court suggested that in order to determine whether the business provided a public service, some factors that could be considered are: (1) whether the business provides essential goods or services; (2) whether the public has legal right to demand the goods or services; (3) whether the goods or services are provided to the public indiscriminately and reasonably; and (4) whether the business has an obligation to provide the goods or services that cannot arbitrarily or unreasonably be withdrawn. A B Refuse Disposers, Inc. v. Bd. ofRavenna Twp. Trustees, 64 Ohio St.3d at 387. The court said some factors to consider in order to determine if the manner of operation of a business is of public concern include; (1) the good or service provided; (2) the local competition to the business; and (3) whether the business is subject to governmental regulation.
The evidence presented by appellees in the trial court shows that appellees provide the service of transporting sand, gravel, stone, water and other materials. As early as 1953, an Ohio Common Pleas Court recognized that a trucking service that carries freight "is operating in the same manner that a railroad operates * * *" and is providing a public service. Motor Cargo,Inc. v. Bd. of Twp. Trustees (1953), 67 Ohio Law Abs. 315, 318. Appellees provide their service to the public indiscriminately; appellee Thomas Kania testified they advertise in the telephone book yellow pages, in newspapers and by word-of-mouth. Appellee Thomas Kania testified appellees provide their service to anyone who calls. Appellee Thomas Kania also testified that pursuant to PUCO regulations, appellees set the rates they charge for their services, and publish the rates as tariffs. The rates are then enforced by PUCO; therefore, all customers are charged the same rates for appellees' services. Appellees do not arbitrarily withdraw their services from the public, and there was no evidence to show that appellants would ever arbitrarily withdraw their services from the public. We therefore find that the trial court did not err as a matter of law when it ruled that appellees' business meets the test for providing a public service as that term is used in the context of a public utility for zoning laws. Appellants' first assignment of error is not well-taken.
In support of their second assignment of error, appellants argue that the trial court erred when it ruled that appellees' trucking business meets the test for being a public concern as outlined by the Supreme Court of Ohio in A B RefuseDisposers, Inc. v. Bd. of Ravenna Twp. Trustees,64 Ohio St.3d at 388. The test to which appellants refer was discussed as follows by the A B Refuse Disposers, Inc. v. Bd. of Ravenna Twp.Trustees court:
 "The second characteristic of a public utility most often addressed by courts is whether the entity, public or private, conducts its operations in such a manner as to be a matter of public concern. * * * Normally, a public utility occupies a monopolistic or ogopolistic position in the marketplace. * * * This position gives rise to a public concern for the indiscriminate treatment of that portion of the public which needs and pays for the vital good or service offered by the entity. Factors utilized in determining whether an enterprise conducts itself in such a way as to become a matter of public concern include the good or service provided, competition in the local marketplace, and regulation by governmental authority. Again, however, none of these factors is controlling. Nevertheless, in a case where the business enterprise serves such a substantial part of the public that its rates, charges and methods of operation become a public concern, it can be characterized as a public utility." Id. at 388 (citations omitted).
First, appellants point out that appellees' business is neither an oligopoly nor a monopoly. Appellee Thomas Kania testified that there are twelve or more competitor businesses that service the same geographical area. Second, appellants argue that if appellees cannot or will not provide their services to a customer, it is a matter of private, not public, concern. Finally, appellants argue that appellees' business is not subject to undue regulation.
Appellees respond that the statements of the Supreme Court of Ohio do not establish a requirement that a business be a monopoly or an oligopoly in order to be a public utility. Appellees further respond that the services they provide are essential and are of public concern. Finally, appellees argue that their business is still subject to considerable regulation as: "Regulation of motor transportation companies qualified as `common carriers for hire' consume an entire chapter of the Ohio Administrative Code. * * * In addition, compliance with a myriad of federal regulations kick in under O.A.C. 4901:2-5-02(A)."
We agree with appellees and with the trial court that there is no requirement in Ohio law that a business be a monopoly or an oligopoly before the operation of the business can constitute a matter of public concern. Indeed, as the trial court noted in this case, many state programs are being implemented to introduce competition against public utilities that have traditionally enjoyed monopoly status in local markets. In addition, we agree with the trial court that appellees presented sufficient evidence at trial to show that they are still subject to considerable regulation and that the services they provide and the manner in which they operate their business is a matter of public concern. Accordingly, appellants' second assignment of error is not well-taken.
In support of their third and final assignment of error, appellants argue that the trial court erroneously ruled that since appellees' business was certified as a public utility by PUCO pursuant to R.C. Chapter 49, appellees' business is a public utility for zoning purposes pursuant to R.C. 529.211. The statements to which appellants refer from the trial court decision are as follow:
 "While the law states that public utility status for the PUCO is not determinative of whether an entity is a public utility for R.C. 519.211, this Court feels PUCO status is evidence in support of such a holding. As discussed earlier, one of the common elements of being a `public concern' is governmental control. Regulation by the PUCO clearly qualifies as one of the types of control contemplated by this standard.
 "Moreover, it is this Court's opinion that to find that an entity is a public utility under Chapter 4905 but not under other sections of the code is inconsistent. The definition of `public utility' is clearly laid out in R.C. 4905.02 and 4905.03 with further limitations on the specific definition of `motor transportation company' provided in R.C. 4921.02 and 4923.02. In addition, these definitions, in conjunction with the corresponding regulations, incorporate the more general standards applied in these cases requiring public utilities to be a `public concern' and to provide their services indiscriminately. These definitions are clear and provide a solid standard by which to determine whether an entity is a public utility. It is incongruous to say that an entity which satisfies all these specific standards under Chapter 4905 is not a public utility under the more general case law definition. Applying the more specific standards would further allow business owners to better conform their conduct so as to comply with the laws. Under the current law, even though a business is a public utility under Chapter 4905, the business owner has no way to predict how a court may rule under other circumstances because the case law definition is generally vague leaving much to judicial discretion. Ultimately, there should be a presumption that, if an entity is a public utility for one reason, it is a public utility for all reasons. While this presumption was not applied in this case, the Court recommends that it be adopted in the future." (Emphasis added).
The trial court then went on to discuss how the facts in this case apply to the factors that have been outlined in case law to determine whether a business is a public utility for zoning law purposes.
We find that the trial court correctly applied the separate tests for pubic utility status for zoning purposes, even though it expressed its opinion that the separate tests should be abandoned. While the trial court stated its rationale for abandoning the separate tests, it also stated that it had not applied its theory in this case, but had instead followed binding precedent from case law. Accordingly, appellants' assertion that the trial court incorrectly concluded that because appellees' business was certified as a public utility by PUCO for one purpose, it automatically qualifies as a public utility for zoning law purposes, is without any support in the record. Appellants' third assignment of error is not well-taken.
The judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.