**MOTOR CARGO, INC., Plaintiff, v. BOARD OF TOWNSHIP TRUSTEES et, Defendants.**

Common Pleas Court, Summit County.

No. 189271.   Decided September 9, 1953.

316

Brouse, McDowell, May, Bierce & Wortman, Akron, for plaintiff.

James Olds, Akron, for defendant Stoller.

Alan G. Rorick, Cleveland, for defendant Shaffer.

Gilbert Hartz, Asst. Pros. Akron, for all public officials, defendants.

## OPINION

By HARVEY, J.

Plaintiff in this case has filed a petition asking for a declaratory judgment, and the matter is presented to the court upon a stipulated agreed statement of facts.

Plaintiff claims that it is a public utility within the purview of §3180-46 GC (§519.21 R. C.), and as such is exempt from the regulations and restrictions of the zoning act adopted for Richfield Township, and that such exemption is questioned and contested by the defendants herein, and plaintiff is asking for the court to construe the statute in question.

In approaching this question it seems necessary, first, to determine whether or not the plaintiff Motor Cargo, Inc. is actually a public utility.

Under the provisions of §§614-1, 614-2 and 614-2a GC (§§4901.-01, 4903.01, 4905.03, 4907.01, 4909.01, 4921.01, 4923.01, 4925.01, 4905.02 R. C.) the plaintiff is a public utility. That is, it is a public utility for the purpose of regulation by the Public Utilities Commission under some of the statutes in Ohio. This company is a public utility for the purpose of sales tax, but is not a public utility for the purpose of the gross income tax levied against public utilities.

It seems quite evident that the meaning of public utility as used in this statute cannot be determined from its use in other statutes for the reason that it is limited in each instance.

Motor cargo carriers for hire who are private carriers are also regulated by the Public Utilities Commission. The fact that they are regulated does not make them a public utility. Apart from the statutes which define the public utilities which are within the purview of such statutes, it is difficult to con-

struct a definition of a public utility which would fit every conceivable case; but there are considerations that are of aid in determining whether a specific organization or business is a public utility. Moreover, the elements that would constitute a public utility have been defined by our Supreme Court in **Southern Ohio Power v. Public Utilities Commission, 110 Oh St 246.** The court therein says, "To constitute a public utility, the devotion to public use must be of such character that the product and service is available to the public generally and indiscriminately, or there must be the acceptance by the utility of public franchises or calling to its aid the police power of the state."

Whether the plaintiff is or is not a public utility depends not upon its powers as a corporation, but rather upon its acts. It cannot be determined from the charter purposes alone. **Service Corporation v. P. U. C., 127 Oh St, page 47 (52).** A lack of power of eminent domain is a mere inconclusive circumstance. Many persons and firms engaged in the public service do not have it. A concern like, for example, in the water, light, electric or gas service may or may not possess the power of eminent domain, and yet clearly be in the public service (public utility concerns nevertheless).

The determination of whether a concern is a public utility is a mixed question of law and fact, and bearing in mind the test and the meaning of public utility exclusive of the statutes which are of little assistance this court is of the opinion that the plaintiff in this case is operating as a public utility, is operating by authority of law upon public highways as a common carrier in interstate commerce, devoting its equipment solely for the purpose of carrying freight and as such is operating in the same manner that a railroad operates.

As its name indicates, the term "public utility" implies a public use and service to the public, and indeed the principal determinative characteristic of a public utility is that of service to, or readiness to serve an indefinite public (or portion of the public as such), which has a legal right to demand and receive its services or commodities.

The term precludes the idea of service which is private in its nature and is not to be obtained by the public. 43 Am. Jur., page 571.

But the defendants claim that even though the plaintiff is a public utility it is not a public utility that was contemplated or intended to be covered by the terms of the statute in question; that the Legislature did not intend to include or mean to include a public utility of plaintiff's character and type, and it is further contended· that the Legislature intended to in-

clude only those public utilities that had the power of eminent domain.

It is the contention of the defendants that we must consider the purpose behind zoning, which is for public health and welfare, and further the type of zoning and the type of area contemplated in a suburban rural area, and so when the Legislature used the words "public utility" they were thinking about those utilities that would be a necessary part of such suburban areas. The Legislature was thinking of the kind of a utility that now and in the prospective growth of the future would have a necessary relationship with the community in respect to the particular legislation at hand, to-wit: zoning, and that contemplated only such utilities as would furnish the facilities needed by a suburban rural area. Such reasoning is appealing in this case.

The defendants would have the court construe this statute by adding after the phrase "any public utility" the language "having the power of eminent domain." This addition to the legislation, of course, is based upon the doctrine that the court is only interpreting the act in such a manner as to express the supposed intent of the Legislature.

There is, however, another rule of construction of statutes which seems more obvious and more applicable to the situation, and that is the criterion or test to be followed in the determination of Legislative intent that was laid down by the Supreme Court in the case of **Shugars v. Williams, 50 Oh St, 297,** and such test is simply that the court must look to the statute itself to determine legislative intent, and if such intent is clearly expressed therein the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged. The significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act, and in the absence of any definition of the intended meaning of words or terms used in a legislative enactment they will in the interpretation of the act be given their common, ordinary and accepted meaning in the connection in which they are used. **Wachendorf v. Shaver, 149 Oh St, 231, 36 O. O. 554.**

Indeed, it is the duty of courts to give the statute the interpretation its language calls for where this can reasonably be done, and the general rule is that no intent may be imputed to the Legislature in the enactment of a law other than such as is supported by the language of the law itself. The courts may not speculate apart from the word as to the probable intent of the Legislature. It may be presumed that the Legislature knew the meaning of the words or the phrase "any public utility." and to have used that phrase in this particular

statute advisedly, and that nothing may be read into a statute which is not within the manifest intention of the Legislature as gathered from the act itself.

Nothing in the history of this legislation of probative value has been offered which would be of any assistance to the court in determining the legislative intent other than the plain meaning of the language itself. The language pertinent to the construction herein is "the use of the land by any public utility." "Any" is a word of flexible meaning, and must be interpreted in the light of the context. In construing statutes the word "any" is equivalent and has the force of "every" or "all." Roedler v. Bus Lines, 281 Ill. Appeal, 520.

The word "any" has been referred to as an indefinite pronominal adjective used to designate objects in a general way without pointing out any one in particular. It is not used to describe the qualities or character of objects. Citizens Bank v. Parker, 192 U. S. 73.

The phrase is "any public utility." The word "any" excludes selection or distinction. It declares the exemption in the statute as a whole without limitation, and there are many cogent reasons why the question should be asked, "Should there be an exemption?" What purpose was there to serve by making a distinction between kinds of utilities?

The statute is a general law in the state of Ohio.

To cover rural zoning at any place in this state, they must have known that there would be many different situations to be met in the rural areas of this state, some areas that were rapidly becoming commercialized, other areas that would remain rural for years to come.

In the last analysis, however, the language "any public utility" is not a palpable inadvertence. It may be an oversight in the sense that the question lacked deliberate consideration at the time the legislation was passed, but correction lies with the original authors and not with the court.

It is, therefore, the declaration of this court in construing this statute that the plaintiff in question is a public utility within the meaning of §3180-46 GC (§519.21 R. C.), and as such it is exempt from the zoning regulations of Richfield Township, and that the plaintiff is entitled to the relief prayed for.