JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant James Salter ("Salter") appeals his conviction and sentence for driving under the influence, a third degree felony. Finding no merit to the appeal, we affirm.
 {¶ 2} In June 2002, Salter was indicted in a three-count indictment charging one count of possession of drugs, one count of possession of criminal tools, and one count of driving under the influence ("DUI"). In October 2002, he pled guilty to DUI and the remaining counts were nolled. He was released on bond pending sentencing.
 {¶ 3} Prior to the sentencing hearing, Salter filed a motion to withdraw his guilty plea. The motion was scheduled to be heard on November 26, 2002, the same date as his sentencing hearing. However, Salter failed to appear and was arrested on the capias in January 2003.
 {¶ 4} The court conducted a hearing on Salter's motion to withdraw his guilty plea. Defense counsel conceded that there were no violations of Crim.R. 11 at the plea hearing but argued that Salter did not voluntarily enter his guilty plea because he felt pressure from outside sources to plead guilty. Salter explained that he entered his guilty plea because he was afraid to go to trial on the scheduled trial date. His wife, who had been in prison for eight years, was being released on that date, and he feared that if he proceeded to trial and was found guilty, he would miss an opportunity to spend time with her. He also claimed he felt pressure from his family or from other unidentified sources to enter a guilty plea.
 {¶ 5} The court denied Salter's motion to withdraw his guilty plea and proceeded to sentencing. After noting Salter's extensive criminal history including multiple prison terms, the court sentenced him to four years in prison for driving under the influence, a third degree felony. The court also ordered his driver's license suspended for the remainder of his life and imposed the minimum $800 fine.
 {¶ 6} Salter appeals, raising five assignments of error.
 Third Degree Felony {¶ 7} In his first assignment of error, Salter argues that the trial court violated his due process rights by sentencing him for a third degree felony when the indictment for DUI did not properly allege a third degree felony. Although the indictment did not specify his charge as a third degree felony, because Salter had a prior felony DUI conviction, the degree of the offense was elevated to a third degree felony pursuant to R.C. 4511.99(A)(4)(a)(ii).
 {¶ 8} First, we note that by voluntarily entering a guilty plea, a defendant waives the right to contest non-jurisdictional defects that occurred before the plea was entered. State v. Kelley (1990),57 Ohio St.3d 127. More specifically, by voluntarily entering a guilty plea, Salter waived his right to a direct appeal of any alleged defects in the indictment. See, Stacy v. Van Coren (1969), 18 Ohio St.2d 188; Statev. Hill (Feb. 4, 1993), Cuyahoga App. No. 61685.
 {¶ 9} In Stacy, supra, the defendant was indicted for assault with intent to commit rape. During the plea hearing, the defendant pled guilty to assault with intent to commit robbery. He subsequently brought an action in habeas corpus. There was no question the court had jurisdiction over both the defendant and the subject matter of the crime. In denying the writ and upholding the conviction, the Stacy court explained:
"The petitioner's actions under the circumstances of this case,in voluntarily entering a plea of guilty while represented by counsel,constituted a waiver of his constitutional right to indictment orinformation. Although such procedure may be erroneous it does notaffect the validity of his conviction."
 {¶ 10} Stacy, supra, at 189, citing Midling v. Perrini (1968),14 Ohio St.2d 106, at syllabus ("Where a defendant, while represented by counsel, pleads guilty to an offense and is sentenced, the judgment of conviction cannot be collaterally attacked on the ground that the indictment fails to state one or more essential elements of the offense").
 {¶ 11} In the present case, Salter was represented by counsel at the plea hearing. On appeal, Salter concedes that the court complied with all the requirements set forth in Crim.R. 11. After the court informed Salter of his rights, the court questioned him as to his understanding of those rights. The court also inquired as to his understanding that he would be pleading guilty to a third degree felony. Specifically, the court asked:
"THE COURT: You would be pleading guilty to count three as chargedwhich is a felony of the third degree driving under the influence witha prior conviction. As such you face mandatory time of anywhere from 60consecutive days or the Court can hand down a one, two, three for up tofive years sentence on this crime.
 Do you understand that?
 THE DEFENDANT: Yes."
 {¶ 12} Thus, Salter understood at the time of his plea that he was pleading guilty to a third degree felony. Moreover, the record reveals the voluntariness of his plea:
"THE COURT: Do you still wish to waive your constitutional rightsknowing the penalties you face should you plead guilty to count threeas charged?
 THE DEFENDANT: Yes, your Honor.
 THE COURT: James Salter, how do you plead that on or about June 23,year 2002, in Cuyahoga County, you did operate a vehicle within theState of Ohio while under the influence of alcohol, a drug of abuse,or alcohol and a drug of abuse; * * * How do you plead to this crime?
 THE DEFENDANT: Guilty, your Honor."
 {¶ 13} Thus, Salter's guilty plea served as a waiver of his right to challenge any defect in the indictment. Stacy, supra. Therefore, his claim of a due process violation based on the failure of the indictment to identify the prior conviction as a felony, is not well-taken.
 {¶ 14} Accordingly, the first assignment of error is overruled.
 Consistency in Sentencing {¶ 15} In his second assignment of error, Salter argues that the court committed reversible error by failing to engage in the analysis required by R.C. 2929.11(B) to ensure that the four-year sentence it imposed was consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 16} R.C. 2929.11(B) states:
"A sentence imposed for a felony shall be reasonably calculatedto achieve the two overriding purposes of felony sentencing set forthin division (A) of this section, commensurate with and not demeaningto the seriousness of the offender's conduct and its impact upon thevictim, and consistent with sentences imposed for similar crimescommitted by similar offenders."
 {¶ 17} R.C. 2929.11(B) sets forth Ohio's basic principles of felony sentencing, which apply to all sentencing decisions. Pursuant to R.C. 2929.12, a trial court has the discretion to determine the most effective way to comply with the purposes and principles set forth in R.C. 2929.11.[1] See, State v. Grundy, Summit App. No. 19016, 1998 Ohio App. LEXIS 5860, at *10. This sentencing discretion is limited, however, by the seriousness and recidivism factors listed in R.C. 2929.12(B) through (E). As pertinent to this appeal, R.C. 2929.12(D) provides:
"(D) The sentencing court shall consider all of the following thatapply regarding the offender, and any other relevant factors, as factorsindicating that the offender is likely to commit future crimes:
 * * *
 (2)* * * the offender has a history of criminal convictions.
 (3)* * * the offender has not responded favorably to sanctionspreviously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abusethat is related to the offense, and the offender refuses to acknowledgethat the offender has demonstrated that pattern, or the offender refusestreatment for drug or alcohol abuse."
 {¶ 18} After the trial court has considered the factors listed in those provisions, it must then consider R.C. 2929.13, which guides the court in determining whether a mandatory prison sentence is required, or whether a rebuttable presumption in favor of imprisonment or a disposition against a prison term is applicable.
 {¶ 19} The trial court is also limited by R.C. 2929.14, which contains other consistency provisions. R.C. 2929.14 provides basic prison terms for various classifications of offenses. Once a trial court has determined the felony degree for a defendant's offense, R.C. 2929.14
governs the minimum and maximum term of years that a defendant can be imprisoned. R.C. 2929.14(A)(3) provides that an individual convicted of a third degree felony must receive a prison term of one, two, three, four, or five years. Additionally, R.C. 2929.14(B) provides that the court is not required to impose the shortest prison term when the offender has previously served a prison term.
 {¶ 20} When the court sentenced Salter in the instant case, it noted his extensive criminal record dating back to 1952. The court recounted his various crimes and noted that in each decade, he committed crimes involving drug and alcohol abuse as well as violent crimes. Salter had at least 15 DUI's, which suggested a pattern of drug and alcohol abuse. The court also noted that Salter had been incarcerated numerous times and that he had failed to respond to criminal sanctions in the past.
 {¶ 21} In sentencing Salter, the court stated that the four-year prison term was necessary to punish him and to protect society. It is true, as Salter argues, that no individual person was injured when he was arrested for DUI. However, in light of his extensive criminal record and long history of DUI's, we cannot say that the court's finding that four years imprisonment was necessary to protect the public and to punish him was contrary to law. Because the court made the findings required under R.C. 2929.12, 2929.13, and 2929.14, we also conclude that the four-year sentence is consistent with the principles set forth in R.C. 2929.11.
 {¶ 22} Accordingly, the second assignment of error is overruled.
Denial of Motion to Withdraw Guilty Plea
 {¶ 23} In his third assignment of error, Salter argues that the court violated his right to due process when it refused to allow him to withdraw his guilty plea prior to sentencing.
 {¶ 24} Crim.R. 32.1 provides in relevant part: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed[.]" A presentence motion to withdraw a guilty plea should be freely and liberally granted; however, a defendant does not have an absolute right to withdraw such plea. State v. Xie (1992),62 Ohio St.3d 521, 527. Rather, "the decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Id. at paragraph two of the syllabus. In Xie, the Ohio Supreme Court explained the import of the deference afforded to the trial court:
"Even though the general rule is that motions to withdraw guilty pleasbefore sentencing are to be freely allowed and treated with liberality, ** * still the decision thereon is within the sound discretion of thetrial court. * * * Thus, unless it is shown that the trial court actedunjustly or unfairly, there is no abuse of discretion. * * * One whoenters a guilty plea has no right to withdraw it. It is within the sounddiscretion of the trial court to determine what circumstances justifygranting such a motion. * * *" (Citations omitted.)
Id. at 526, quoting, Barker v. United States (C.A. 10, 1978),579 F.2d 1219, 1223.
 {¶ 25} Further, a trial court does not abuse its discretion in denying a motion to withdraw a guilty plea (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980), 68 Ohio App.2d 211;State v. Ellison, Montgomery App. No. 16535, 1998 Ohio App. LEXIS 1044.
 {¶ 26} Salter was represented by counsel throughout the proceedings in the instant case. The court conducted a full plea hearing and Salter concedes that the court complied with all of the mandates set forth in Crim.R. 11. There is no indication in the record that he was dissatisfied or questioned the competency of his counsel. When the court asked whether he was satisfied with his legal representation, Salter responded affirmatively.
 {¶ 27} The court also properly afforded Salter a full and impartial hearing on his motion to withdraw his guilty plea. Salter declined to call any witnesses at the hearing, but the court heard oral arguments.
 {¶ 28} The record also reveals that the court gave full and fair consideration to Salter's request. At the hearing, Salter argued he did not voluntarily enter his guilty plea because he was afraid that if he went to trial on the scheduled date, he would miss an opportunity to visit with his wife, who was being released from prison on that date. He also claimed he felt pressure from his family or from other unidentified sources to enter a guilty plea. However, contrary to Salter's arguments on appeal, he never claimed his lawyer was unprepared for trial or unable to properly defend the case.
 {¶ 29} In denying the motion, the court stated:
"Well, even after a review of your motion to withdraw and youroral statements made and no witnesses called, the court doesn't findthat there's been a miscarriage of justice, nor that there's anybasis to grant this motion to withdraw plea, in that it was properlytaken according to Crim.R. 11.
 Change of mind is not a basis to be able to change a plea. At thetime of the plea the defendant was completely aware of the fact thathe pled guilty to a felony of the third degree, driving under theinfluence, and he faced mandatory time as mandated by the sentencingguidelines for felony DUIs. So the motion to withdraw plea filed bythe defense on November, I believe, 25th is hereby denied."
 {¶ 30} Under the circumstances in this case, we find the court's statements on the record reflect the court's full and fair consideration of Salter's request. We also find that under these circumstances, the court did not abuse its discretion in denying his motion to withdraw his guilty plea.
 {¶ 31} Accordingly, the third assignment of error is overruled.
 Community Control Sanction {¶ 32} In his fourth assignment of error, Salter argues the trial court violated his right to due process by failing to specifically inform him that he could not receive a community control sanction. Crim.R. 11(C)(2)(a) requires that the court notify the defendant if he or she will be ineligible for community control sanctions. Specifically, Crim.R. 11(C)(2)(a) provides:
"(2) In felony cases the court may refuse to accept a plea of guiltyor a plea of no contest, and shall not accept such plea without firstaddressing the defendant personally and doing all of the following:
 "(a) Determining that he is making the plea voluntarily, withunderstanding of the nature of the charges and of the maximum penaltyinvolved, and, if applicable, that he is not eligible for probation."
 {¶ 33} The Ohio Supreme Court has held that strict compliance with Crim.R. 11(C) is required only when a trial court informs an accused that by entering a guilty plea, the accused is waiving constitutional rights including his Fifth Amendment privilege against self-incrimination, the right to trial by jury, and the right to confront his accusers. State v.Nero (1990), 56 Ohio St.3d 106, 107. With regard to non-constitutional rights, such as the right to notice that the accused is ineligible for community control sanctions, substantial compliance with Crim.R. 11(C) is all that is required. Nero, supra, at 108.
 {¶ 34} In order to establish substantial compliance, the totality of the circumstances must be considered to determine whether the defendant substantially understood the implications of the plea and the rights that were waived. Nero, at 108. The Nero court explained:
"Where the circumstances indicate that the defendant knew he wasineligible for probation and was not prejudiced by the trial court'sfailure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptanceof the defendant's guilty plea to the nonprobationable crime of rapewithout personally advising the defendant that he was not eligible forprobation constitutes substantial compliance with Crim.R. 11. * * *"(Citations omitted.)
Id. at syllabus.
 {¶ 35} Upon review of the record, we find the court's duty to advise Salter that he was ineligible for community control sanctions was substantially met. At the plea hearing, the court advised Salter:
"THE COURT: You would be pleading guilty to count three as chargedwhich is a felony of the third degree driving under the influence witha prior conviction. As such you face mandatory time of anywhere from 60consecutive days or the Court can hand down a one, two, three, for upto five years sentence on this crime.
 Do you understand that?
 THE DEFENDANT: Yes."
 {¶ 36} Thus, the court informed Salter that he was subject to a minimum sixty days incarceration. Obviously, that meant that Salter could not receive community control sanctions in lieu of prison. We find this statement substantially met the requirements of Crim.R. 11(C)(2)(a).
 {¶ 37} Accordingly, the fourth assignment of error is overruled.
 Four-Year Term of Imprisonment {¶ 38} In his fifth assignment of error, Salter argues that the court violated his right to due process when it sentenced him to a four-year term of imprisonment. Specifically, Salter argues that pursuant to R.C. 4511.99(A)(4)(a)(ii), the only prison term the court could impose was a sixty-day prison term.
 {¶ 39} R.C. 4511.99(A)(4)(a)(ii) provides:
"If the offender previously has been convicted of or pleaded guilty toa violation of division (A) of section 4511.19 of the Revised Code underthe circumstances in which the violation was a felony, regardless of whenthe prior violation and prior conviction or guilty plea occurred, theoffender is guilty of a felony of the third degree. The court shallsentence the offender in accordance with sections 2929.11 to 2929.19 ofthe Revised Code and shall impose as part of the sentence a mandatoryprison term of sixty consecutive days or imprisonment in accordance withdivision (G)(2) of section 2929.13 of the Revised Code."
 {¶ 40} R.C. 2929.13(G)(2) provides, in pertinent part:
"If the offender is being sentenced for a third degree felony OMVIoffense, or if the offender is being sentenced for a fourth degreefelony OMVI offense and the court does not impose a mandatory term oflocal incarceration under division (G)(1) of this section, the courtshall impose upon the offender a mandatory prison term of sixty daysas specified in division (A)(4) of section 4511.99 of the Revised Codeor a mandatory prison term of one hundred twenty days as specified indivision (A)(8) of that section."
 {¶ 41} Salter argues that although he was being sentenced for DUI, as a third degree felony, these two sections of the Revised Code provide an exception to the general sentencing guidelines which require longer sentences for third degree felonies. We disagree.
 {¶ 42} Salter ignores the sentencing provisions set forth in R.C. 2929.14(D)(4), which authorize the court to impose additional prison terms for felony DUI's. R.C. 2929.14(D)(4) provides:
"If the offender is being sentenced for a third or fourth degree felonyOMVI offense under division (G)(2) of section 2929.13 of the RevisedCode, the sentencing court shall impose upon the offender a mandatoryprison term in accordance with that division. In addition to themandatory prison term, the sentencing court may sentence the offender toan additional prison term of any duration specified in division (A)(3) ofthis section minus the sixty or one hundred twenty days imposed upon theoffender as the mandatory prison term. The total of the additional prisonterm shall equal one of the authorized prison terms specified indivision (A)(3) of this section. If the court imposes an additionalprison term under division (D)(4) of this section, the offender shallserve the additional prison term after the offender has served themandatory prison term required for the offense."
 {¶ 43} R.C. 2929.14(A)(3) provides that for a felony of the third degree, "the prison term shall be one, two, three, four or five years." Thus, the court had discretion to sentence Salter to a prison term of anywhere from one to five years. Because Salter was a repeat felony-offender and demonstrated a pattern of drug and alcohol abuse, we find that the trial court properly sentenced him to four years' incarceration for this third degree felony DUI.
 {¶ 44} Accordingly, the fifth assignment of error is overruled.
Judgment affirmed.
Sean C. Gallagher, J. and Anthony O. Calabrese, Jr., J. Concur.
[1] R.C. 2929.12(A) states: "Unless otherwise required by [R.C. 2929.13
or R.C. 2929.14], a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in [R.C. 2929.11]."