[Cite as *State v. Szidnik*, 2011-Ohio-4093.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 95644

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# EDWARD SZIDIK

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534819

**BEFORE:**   Kilbane, A.J., Cooney, J., and S. Gallagher, J.

RELEASED AND JOURNALIZED:    August 18, 2011

ATTORNEYS FOR APPELLANT

Margaret Amer Robey
Gregory S. Robey
Robey & Robey
14402 Granger Road
Maple Heights, Ohio 44137


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
Ronni Ducoff
Mark J. Mahoney
Assistant County Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}  Defendant-appellant, Edward Szidik (Szidik), appeals his gross sexual imposition convictions and sentence following his guilty plea.   Finding no merit to the appeal, we affirm.

{¶ 2}  In March 2010, Szidik was charged with ten counts of gross sexual imposition (GSI), with each count carrying a sexually violent predator specification.   Pursuant to a plea agreement, Szidik pled guilty to two

amended counts of GSI (the State deleted the sexually violent predator specification on each count). The remaining eight counts were nolled. The trial court sentenced him to four years in prison on each count, to be served consecutively, for an aggregate of eight years in prison.

{¶ 3} Szidik now appeals, raising two assignments of error for review.

ASSIGNMENT OF ERROR ONE

**"Because [Szidik] was indicted with ten carbon copy counts that were never distinguished from one another, due process and double jeopardy preclude his conviction on more than one; the remaining counts must be vacated."**

{¶ 4} Szidik argues his constitutional rights were violated when he was indicted with ten "carbon copy" counts of GSI. He relies on *Valentine v. Konteh* (C.A.6, 2005), 395 F.3d 626; *State v. Ogle*, Cuyahoga App. No. 87695, 2007-Ohio-5066; and *State v. Hemphill*, Cuyahoga App. No. 85431, 2005-Ohio-3726, in support of his assertion that the carbon copy indictment failed to provide him adequate notice of the charges against him and the right to protection against double jeopardy.

{¶ 5} However, these cases are easily distinguishable from the matter before us. In the instant case, Szidik pled guilty to the indictment, whereas in *Valentine*, *Ogle*, and *Hemphill*, the defendants were convicted after jury trials. A defendant who pleads guilty is generally limited on appeal. The defendant may only attack the voluntary, knowing, and intelligent nature of

the plea, and may not raise independent claims relating to the deprivation of constitutional rights that occurred prior to pleading guilty. See *State v. Clay*, Cuyahoga App. Nos. 89339-89341, 2008-Ohio-314; *State v. Sadowsky*, Cuyahoga App. Nos. 90696 and 91796, 2009-Ohio-341.

**{¶ 6}** "'[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson* (1970), 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763].'" *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351, quoting *Brady v. United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. Thus, Szidik's reliance on these cases is unpersuasive.

**{¶ 7}** Moreover, under Crim.R. 12(C)(2) "[d]efenses and objections based on defects in the indictment" must be raised before trial. According to the Ohio Supreme Court, the "failure to timely object to the allegedly defective indictment constitutes a waiver of the issues involved." *State v. Biros*, 78 Ohio St.3d 426, 436, 1997-Ohio-204, 678 N.E.2d 891, citing *State v.*

*Joseph*, 73 Ohio St.3d 450, 1995-Ohio-288, 653 N.E.2d 285. Furthermore, this court has held that "'by voluntarily entering a guilty plea, a defendant waives the right to contest non-jurisdictional defects that occurred before the plea was entered. More specifically, by voluntarily entering a guilty plea [the defendant] waived his right to a direct appeal of any alleged defects in the indictment.'" *State v. Moree*, Cuyahoga App. No. 90894, 2009-Ohio-472, ¶21, quoting *State v. Salter*, Cuyahoga App. No. 82488, 2003-Ohio-5652. (Internal citations omitted.)

**{¶ 8}** In the instant case, Szidik failed to object to the indictment at the trial court and pled guilty under a plea agreement to two separate counts of GSI. Based on these facts, we find that he waived any alleged defect in the indictment.

**{¶ 9}** Accordingly, the first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

**"The trial court erred in failing to merge the sentences for the two identical counts, which were indistinguishable and therefore allied offenses."**

**{¶ 10}** Szidik argues the two GSI counts were identical and thus allied offenses. As a result, he contends the trial court should have merged them for purposes of sentencing.

**{¶ 11}** Here, Szidik entered into a plea agreement where the State nolled eight counts of GSI and removed the sexually violent predator

specifications from all counts on the condition that he plead guilty to two separate counts of GSI. Szidik then proceeded to voluntarily enter a guilty plea to each count.

{¶ 12} The Ohio Supreme Court recently held that the failure to merge allied offenses of similar import constitutes plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

{¶ 13} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court redefined the test for determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25.[1] The *Johnson* court expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, which required a

---

[1]R.C. 2941.25 governs allied offenses and provides:

**"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.**

**(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."**

"comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other.

{¶ 14} The *Johnson* court held that rather than compare the elements of the crimes in the abstract, courts must consider the defendant's conduct.   Id. at syllabus.   The court found:

> **"In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other.   \* \* \***
>
> **If multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'   [*State*] *v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶50, (Lanzinger, J., dissenting).**
>
> **If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.**
>
> **Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge."** Id. at ¶48-50.

{¶ 15} Szidik argues the two counts of GSI are allied offenses because the offenses have never been distinguished from each other.   We disagree.

{¶ 16} Here,  the  four-year-old  victim  described  that  Szidik (victim's

71-year-old step-grandfather) would play the "pee place game" with her, which meant that she would have to touch Szidik's penis. This "game" took place when her grandmother was doing the laundry or cooking. Szidik told the victim not to tell grandma because it was their secret. Furthermore, the State advised the trial court that Szidik "committed two counts of [GSI] on different dates." The parties considered this case as a pattern of abuse that took place over a period of time involving multiple incidents. As such, Szidik pled guilty to two separate counts of GSI in exchange for the dismissal of eight GSI counts and the deletion of the sexually violent predator specifications.

{¶ 17} Based on these facts, we find the offenses distinguishable as separate incidents. Thus, these crimes are not allied offenses of similar import.

{¶ 18} Accordingly, the second assignment of error is overruled.

{¶ 19} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR