[Cite as *State v. Heise*, 2020-Ohio-662.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Nos. 108286 and 108776 |
| v. | : | |
| REGINALD HEISE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 27, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-603450-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, and Mary M. Frey, Assistant Prosecuting Attorneys, *for appellee.*

Norman & Tayeh, L.L.C., and William Norman, *for appellant.*

EILEEN T. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant, Reginald Heise, appeals from his convictions following a guilty plea. He raises the following assignments of error for review:

1. The trial court erred in finding that Heise's indictment charged an offense proscribed by R.C. 2911.11(A).

2. The trial court committed plain error, and exceeded its authority, by convicting and sentencing Heise under R.C. 2911.11(A) and 2941.145(A), where the charging terms of the indictment and R.C. 1.51 required judgment and sentence under R.C. 2911.211(A).

3. The trial court erred in finding Heise's guilty plea was knowing, intelligent, and voluntary.

4. The trial court erred in denying Heise's motion to withdraw guilty plea without conducting an evidentiary hearing.

5. Due to ineffective assistance of counsel, Heise did not enter a guilty plea which was knowing, intelligent, and voluntary.

6. Counsel was ineffective for failing to object to the indictment, plea, and judgment on due process grounds and R.C. 1.51.

7. Counsel was ineffective for failing to object to the indictment on grounds of multiplicity.

{¶ 2} After careful review of the record and relevant case law, we affirm Heise's convictions and sentence. Heise's arguments concerning the sufficiency of his indictment rely on a misinterpretation of the criminal statute governing his conduct. Moreover, Heise has failed to meet his burden of demonstrating the existence of a manifest injustice that warrants the withdrawal of his guilty plea.

## I. Procedural and Factual History

{¶ 3} In March 2016, Heise was named in a three-count indictment, charging him with two counts of aggravated burglary in violation of R.C. 2911.11(A)(2), with one-and three-year firearm specifications, a notice of prior conviction specification, and a repeat violent offender specification; and a single count of aggravated menacing in violation of R.C. 2903.21(A).

{¶ 4} At a hearing held in June 2016, Heise expressed that he wished to withdraw his previously entered pleas of not guilty and accept a plea agreement with the state. The state then set forth the terms of the proposed plea agreement, expressing that, as a condition of the plea, Heise was to have no direct or indirect contact with the victims in this case. The state further recommended a six-year term of imprisonment.

{¶ 5} Following a Crim.R. 11 colloquy, Heise pleaded guilty to an amended charge of aggravated burglary in violation of R.C. 2911.11(A)(2), with a three-year firearm specification and a notice of prior conviction specification. The remaining charges were nolled. The trial court accepted Heise's guilty plea and referred him to the county probation department for a presentence-investigation report.

{¶ 6} In July 2016, the trial court sentenced Heise to three years in prison on the aggravated burglary offense, to be served consecutively with the three-year firearm specification, for a total prison term of six years.

{¶ 7} Heise did not file a timely appeal. Instead, Heise waited well over two years before filing a pro se postsentence motion to withdraw his guilty plea in February 2019. In the motion, Heise argued that, due to ineffective assistance of counsel, his guilty plea was not knowingly, intelligently, and voluntarily made.

{¶ 8} Before the trial court issued a ruling on Heise's motion to withdraw, Heise filed a notice of appeal and motion for delayed appeal with this court in 8th Dist Cuyahoga No. 108286. In March 2019, this court granted Heise's motion for delayed appeal and appointed appellate counsel.

{¶ 9} In June 2019, Heise filed a motion for stay and order of remand, requesting this court to remand the matter to the trial court for a ruling on his pending motion to withdraw. This court granted Heise's motion, stating:

> Motion by Heise for stay and order of remand for the sole purpose of the trial court ruling on the pending motion to withdraw the guilty plea is granted. Matter is remanded to the trial court until July 25, 2019. Should the trial court deny the motion to withdraw, Heise shall file a separate notice of appeal and request consolidation with the instant appeal. Should the trial court grant the motion, and the granting renders the instant appeal moot, Heise shall file a motion to dismiss the appeal pursuant to App.R. 28. Notice issued.

{¶ 10} On remand, the trial court denied Heise's motion to withdraw his guilty plea in July 2019, without a hearing. Heise appealed from the trial court's judgment in 8th Dist. Cuyahoga No. 108776. Because the cases stemmed from the same indictment, this court consolidated Case Nos. 108286 and 108776 for the purpose of this appeal.

{¶ 11} Heise now appeals from his conviction and the trial court's denial of his motion to withdraw his plea.

## II. Law and Analysis

### A. Validity of Indictment

{¶ 12} In his first assignment of error, Heise argues the trial court erred in finding that his indictment charged him with an offense proscribed by R.C. 2911.11(A). In his second assignment of error, Heise argues the trial court committed plain error by convicting and sentencing him under R.C. 2911.11(A) and 2941.145(A), where the charging terms of the indictment required judgment and

sentence under R.C. 2911.211(A). Collectively, Heise's first and second assignments of error challenge the perceived defects in his indictment. Heise contends that he "remains indicted, convicted, and sentenced under Section 2911.11(A) for conduct not criminal." We consider these assigned errors together.

{¶ 13} Preliminarily, we note that this court has previously held that

> under Crim.R. 12(C)(2) "[d]efenses and objections based on defects in the indictment" must be raised before trial. According to the Ohio Supreme Court, the "failure to timely object to the allegedly defective indictment constitutes a waiver of the issues involved." *State v. Biros*, 78 Ohio St.3d 426, 436, 678 N.E.2d 891 (1997), citing *State v. Joseph*, 73 Ohio St.3d 450, 653 N.E.2d 285 (1995). Furthermore, this court has held that "'by voluntarily entering a guilty plea, a defendant waives the right to contest non-jurisdictional defects that occurred before the plea was entered. More specifically, by voluntarily entering a guilty plea [the defendant] waived his right to a direct appeal of any alleged defects in the indictment.'" *State v. Moree*, 8th Dist. Cuyahoga No. 90894, 2009 Ohio-472, ¶21, quoting *State v. Salter*, 8th Dist. Cuyahoga No. 82488, 2003-Ohio-5652. (Internal citations omitted.).

*State v. Szidik*, 8th Dist. Cuyahoga No. 95644, 2011-Ohio-4093, ¶7. Thus, by failing to timely object to the indictment and by pleading guilty to aggravated burglary pursuant to a negotiated plea agreement, we find Heise has waived his right to challenge any alleged defect in the indictment.

{¶ 14} Nevertheless, assuming Heise had not waived his right to object to the perceived defects in the indictment, his arguments are without merit. As stated, Count 1 of Heise's indictment charged him with aggravated burglary in violation of R.C. 2911.11(A)(2). The statute provides, in relevant part:

> (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an

accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

* * *

(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

{¶ 15} On appeal, Heise asserts that he was improperly indicted on charges of aggravated burglary under R.C. 2911.11(A)(2), where the indictment alleged that he trespassed in an occupied structure with the purpose to commit the offense of aggravated menacing, a first-degree misdemeanor offense. According to Heise, R.C. 2911.11(A) is only violated where the offender trespasses in an occupied structure, "with intent to commit a felony." As such, Heise contends that his conviction for aggravated burglary in violation of R.C. 2911.11(A)(2) is void because his indictment was defective, because it did not allege a criminal offense as defined by the Ohio Revised Code. *See* R.C. 2901.03.

{¶ 16} In support of his position that R.C. 2911.11(A)(2) requires the intent to commit "a felony" inside the occupied structure, Heise relies on the Ohio Supreme Court's decision in *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995. However, our review of the Ohio Supreme Court's decision does not support Heise's argument. Rather, *Gardner* expressly rejects Heise's pronouncement. Because R.C. 2911.11(A) was amended as of July 1, 1996, to include the purpose to commit "any criminal offense" rather than only a theft offense or felony, the *Gardner* court explained as follows:

In broadening the scope of the crime, the legislature has expanded the mens rea element from an intent to commit a felony to an intent to commit "any criminal offense," which is the mental state required in the current version of R.C. 2911.11. Given the General Assembly's use of the term "any" in the phrase "any criminal offense," we presume that it intended to encompass "every" and "all" criminal offenses recognized by Ohio. *See, e.g., Cales v. Armstrong World Industries, Inc.*, 4th Dist. Scioto No. 02CA2851, 2003-Ohio-1776, ¶ 17, fn. 8 (citing cases defining "any" as meaning "every" and "all"); *Motor Cargo, Inc. v. Richfield Twp. Bd. of Twp. Trustees* (C.P.1953), 67 Ohio Law Abs. 315, 320, 52 Ohio Op. 257, 117 N.E.2d 224.

*Id.* at ¶ 33. The *Gardner* court further advised that the intent to commit the separate criminal offense may be formed during the trespass. *Id.*, citing *State v. Fontes*, 87 Ohio St.3d 527, 721 N.E.2d 1037 (2000), syllabus (to be guilty of aggravated burglary, "a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass").

{¶ 17} Based on the foregoing, it is evident that Heise's argument relies on an outdated version of R.C. 2911.11(A)(2). Under the current statute, the aggravated menacing offense referenced in Heise's indictment constituted a "criminal offense" as required under R.C. 2911.11(A). Accordingly, we find no merit to Heise's assertion that his indictment was defective because it alleged that he violated R.C. 2911.11(A)(2) by trespassing in an occupied structure with the purpose to commit a misdemeanor offense.

{¶ 18} Heise's first and second assignments of error are overruled.

### B. Knowing, Intelligent, and Voluntary Plea

{¶ 19} In his third assignment of error, Heise argues the trial court erred in finding that his guilty plea was knowingly, intelligently, and voluntarily made. Heise

contends that he pleaded guilty to aggravated burglary without "understanding the law [that] applied to his facts."

{¶ 20} As discussed, a plea of guilty generally waives a defendant's right to challenge any error arising from a defect in the indictment. However, this restriction does not apply to arguments that the alleged defect caused the plea to be less than knowing, intelligent, and voluntary, or deprived the trial court of jurisdiction. *State v. White*, 8th Dist. Cuyahoga No. 104224, 2017-Ohio-8056, ¶ 10; *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986); *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818; *Szidik*, 8th Dist. Cuyahoga No. 95644, 2011-Ohio-4093; *Salter*, 8th Dist. Cuyahoga No. 82488, 2003-Ohio-5652.

{¶ 21} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996); *see also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. As the Ohio Supreme Court explained in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462:

> A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision. The benefit to a defendant of agreeing to plead guilty is the elimination of the risk of receiving a longer sentence after trial. But, by agreeing to plead guilty, the defendant loses several constitutional rights. * * * The exchange of certainty for some of the most fundamental protections in the criminal justice system will not be permitted unless the defendant is fully informed of the consequences of his or her plea. Thus, unless a plea is knowingly, intelligently, and voluntarily made, it is invalid.

*Id.* at ¶ 25.

{¶ 22} Within this assignment of error, Heise does not challenge the trial court's compliance with Crim.R. 11(C). Instead, Heise argues that his plea was not knowingly, intelligently, and voluntarily made because his indictment alleged acts that are not "criminalized" under R.C. 2911.11(A). Heise reiterates his position that R.C. 2911.11(A) "proscribes acts of trespass, in an occupied structure, accompanied by intent to commit a felony" — not a misdemeanor offense as set forth in his indictment. Thus, Heise contends that he was not properly advised of the applicable law and range of allowable punishments because his "conduct fell within the exclusive province of R.C. 2911.211(A)"[1] — not R.C. 2911.11(A).

{¶ 23} After careful consideration, we find no merit to Heise's attempt to dispute the validity of his plea. As previously stated, Heise's challenge to his indictment relies on an outdated version of R.C. 2911.11(A). The plain language of the aggravated burglary statute is not limited to the intent to commit a felony inside the occupied structure. Rather, it includes "any criminal offense."

{¶ 24} Because the indictment was not defective, its terms did not impair Heise's ability to enter a sufficient plea. In this case, the transcript of the plea

---

[1] R.C. 2911.211(A) governs the offense of aggravated trespass. The statute provides:
(A) No person shall enter or remain on the land or premises of another with purpose to commit on that land or those premises a misdemeanor, the elements of which involve causing physical harm to another person or causing another person to believe that the offender will cause physical harm to him.
(B) Whoever violates this section is guilty of aggravated trespass, a misdemeanor of the first degree.

hearing clearly demonstrates that the trial court meticulously complied with the mandates of Crim.R. 11 and that Heise entered a knowing, intelligent, and voluntary plea of guilty. Specifically, the trial court advised Heise of his constitutional and nonconstitutional rights, including the nature of his charges and the maximum penalties he faced. Heise expressed that he understood the rights he was waiving and confirmed that no threats or promises had been made to induce his plea. When asked whether he had any questions regarding his rights, the charges, or the penalties he faced, Heise responded, "No, ma'am."

{¶ 25} Under the totality of these circumstances, we find no basis to conclude that Heise's plea of guilty was less than knowing, voluntary, and intelligent. The third assignment of error is overruled.

## C. Motion to Withdraw and Ineffective Assistance of Counsel

{¶ 26} In his fourth assignment of error, Heise argues the trial court abused its discretion by denying his postsentence motion to withdraw his guilty plea without holding an evidentiary hearing. In his fifth assignment of error, Heise argues defense counsel rendered ineffective assistance of counsel by providing him an incorrect understanding of the law in relation to his facts. In his sixth assignment of error, Heise argues defense counsel rendered ineffective assistance of counsel by failing to object to his defective indictment, which erroneously charged him with aggravated burglary under R.C. 2911.11(A). In his seventh assignment of error, Heise argues defense counsel rendered ineffective assistance of counsel by failing to

object to his defective indictment, which was "infected with multiplicity." Because these assignments of error are related, we address them together.

{¶ 27} Crim.R. 32.1 governs motions to withdraw previously entered guilty pleas.

> Under Crim.R. 32.1, a defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. A manifest injustice is a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the requirements of due process. *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13. This heightened standard is in place because "a defendant should not be encouraged to plead to test the potential punishment and withdraw the plea if the sentence is unexpectedly severe." *Cleveland v. Jaber*, 8th Dist. Cuyahoga Nos. 103194 and 103195, 2016-Ohio-1542, ¶ 18.

*State v. Thomas*, 2018-Ohio-1081, 109 N.E.3d 616, ¶ 39 (8th Dist.), citing *State v. Colon*, 2017-Ohio-8478, 99 N.E.3d 1197, ¶ 7 (8th Dist.).

{¶ 28} The requisite showing of manifest injustice must be based on specific facts in the record or supplied through affidavits submitted with the motion. *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 10, citing *Cleveland v. Dobrowski*, 8th Dist. Cuyahoga No. 96113, 2011-Ohio-6071, ¶ 14, and *State v. Barrett*, 10th Dist. Franklin No. 11AP-375, 2011-Ohio-4986, ¶ 15. A self-serving affidavit by the moving party, in and of itself, is generally insufficient to demonstrate manifest injustice. *See, e.g., State v. Passafiume*, 2018-Ohio-1083, 109 N.E.3d 642, ¶ 13 (8th Dist.); *Geraci* at ¶ 10.

{¶ 29} The determination of whether a defendant has demonstrated a manifest injustice is left to the sound discretion of the trial court. *Colon* at ¶ 9, citing

*State v. Blatnik*, 17 Ohio App.3d 201, 202, 478 N.E.2d 1016 (6th Dist.1984); *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. Thus, we review a trial court's determination of whether a defendant demonstrated a manifest injustice for an abuse of discretion. *Colon* at *id.*, citing *Blatnik* at 202. An abuse of discretion occurs where the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 30} A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea. *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11, citing *State v. Chandler*, 10th Dist. Franklin No. 13AP-452, 2013-Ohio-4671, ¶ 7. "A hearing is required only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *Id.*; *State v. Rodriguez*, 8th Dist. Cuyahoga No. 103640, 2016-Ohio-5239, ¶ 23. The trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea is also reviewed for an abuse of discretion. *Id.*

{¶ 31} Relying on his own self-serving affidavit, Heise argued in his motion to withdraw that his plea was not knowingly, intelligently, and voluntarily made because trial counsel rendered ineffective assistance of counsel. Heise first claimed that defense counsel was ineffective for urging him to enter the plea based on misinformation about his charges and the applicable penalties. Specifically, Heise alleged that he pleaded guilty based upon defense counsel's erroneous advice that

(a) his act of entering the home of his neighbor, under invitation, and thereafter violating R.C. 2903.21(A), constituted aggravated burglary under R.C. 2911.11(A); (b) separate judgments, and potential consecutive sentences attached under R.C. 2911.11(A), 2941.141(A), 2941.145(A), 2941.149(A) if convicted under Counts 1 and 2 at trial; (c) R.C. 2911.211(A) did not and could not qualify as a lesser included offense of R.C. 2911.11(A); (d) R.C. 2941.149(A) required a ten year consecutive sentence for each aggravated burglary conviction; and (e) a conviction on Count 3 alone triggered R.C. 2941.149(A).

{¶ 32} Heise further argued that defense counsel rendered ineffective assistance of counsel by failing to object to the defective indictment. Heise contends that because his conduct fell "within the exclusive province of R.C. 2911.211(A)," he "suffered heightened judgment and sentence under a general provision which did not apply." He further argues that his indictment was defective for being unlawfully "triggered with multiplicity," as "multiple convictions and sentences under Counts 1 and 2 were not legally possible."

{¶ 33} Under certain circumstances, ineffective assistance of counsel can constitute a manifest injustice warranting a withdrawal of a guilty plea. *See, e.g., State v. Montgomery*, 8th Dist. Cuyahoga No. 103398, 2016-Ohio-2943, ¶ 4. A defendant who has entered a guilty plea can prevail on a claim of ineffective assistance of counsel only by demonstrating (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, that caused the defendant's guilty plea to be less than knowing, intelligent, and voluntary; and (2) that there is a reasonable probability that, but for counsel's deficient performance, the defendant would not have pled guilty to the offenses at issue and would have, instead, insisted on going to trial. *State v.*

*Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see also Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 34} In this case, Heise's ineffective assistance of counsel claims rely extensively on his inaccurate interpretation of R.C. 2911.11(A) and his contention that R.C. 2911.211(A) governed his conduct. As stated, Heise was properly charged with aggravated burglary in violation of R.C. 2911.11(A) despite its reliance on his purpose to commit the misdemeanor offense of aggravated menacing. Thus, we find no merit to Heise's arguments pertaining to the nature of counsel's advice about the relevant charges and the potential sentencing implications of the accompanying specifications. For these same reasons, we are unable to conclude that counsel was deficient for failing to object to the indictment or the legality of the charges contained therein. To the extent Heise contends that counsel failed to advise him that the two counts of aggravated burglary may have been allied offenses subject to merger had he proceeded to trial, we find he has not demonstrated the requisite prejudice given the potential ramifications of the repeat violent offender specification that was deleted from Count 1.

{¶ 35} Finally, regarding Heise's allegation that defense counsel misadvised him that aggravated trespass as defined under R.C. 2911.211(A) is not a lesser included offense of aggravated burglary, we note that Ohio courts are divided on this issue. *State v. Goldwire*, 2d Dist. Montgomery No. 19659, 2003-Ohio-6066, ¶ 39 ("[A]ggravated trespass is not a lesser included offense of aggravated burglary as defined at R.C. 2911.11(A)(2)."); *State v. Hazel*, 5th Dist. Stark No. 2002CA00355, 2003-Ohio-3930, ¶ 20. *But see State v. Johnson*, 3d Dist. Seneca No. 13-98-39, 1999 Ohio App. LEXIS 919, 8 (Feb. 15, 1999) ("[W]e find that aggravated trespass is a lesser included offense of aggravated burglary."); *State v. Tompkins*, 7th Dist. Jefferson No. 97-JE-53, 2000 Ohio App. LEXIS 1101, 10 (Mar. 15, 2000); *State v. Menser*, 1st Dist. Hamilton Nos. C-970562 and C-970578, 1998 Ohio App. LEXIS 4418, 10 (Sept. 25, 1998).

{¶ 36} Nevertheless, it is unnecessary to address the competing views in this case. In this instance, Heise's argument concerning lesser included offenses relied on private conversations with defense counsel that are not part of the record. Thus, Heise was required to show a manifest injustice through affidavits submitted in support of his motion to withdraw. Having reviewed Heise's self-serving affidavit in its entirety, we find no averment relating to lesser included offenses. In fact, the affidavit is completely devoid of any reference to alleged conversations with counsel regarding the application of R.C. 2911.211(A). Accordingly, we find the supporting affidavit failed to set forth facts to support his ineffective assistance of counsel claim on this ground.

{¶ 37} Finally, we are cognizant that Crim.R. 32.1 does not prescribe a time limitation for filing a postsentence motion to withdraw a plea. However, the Ohio Supreme Court has explained that "[t]he timeliness of a motion to withdraw is a factor courts consider when exercising their discretion under Crim.R. 32.1." *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph three of the syllabus ("An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."). In this case, Heise has provided no information to suggest that the allegations raised in his motion to withdraw were not immediately apparent upon the imposition of his sentence in 2016. Nevertheless, Heise waited approximately two years before filing his motion to withdraw, without explanation for the delay.

{¶ 38} Based on the foregoing, we find Heise has not alleged any facts that could reasonably support the conclusion that withdrawal of his guilty plea was necessary to correct a manifest injustice. As stated, the record reflects that Heise expressed his understanding of the charges and the potential penalties prior to entering his plea and that his plea was made knowingly, intelligently, and voluntarily. Accordingly, the trial court did not abuse its discretion in denying Heise's postsentence motion to withdraw his guilty plea without a hearing.

{¶ 39} Heise's fourth, fifth, sixth, and seventh assignments of error are overruled.

{¶ 40} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
EILEEN A. GALLAGHER, J., CONCUR