[Cite as *State v. Wells*, 2015-Ohio-297.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100365**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ELLORD WELLS**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-12-568017
Application for Reopening
Motion No. 477869

**RELEASE DATE:** January 28, 2015

-i-

**ATTORNEY FOR APPELLANT**

Ellord Wells
Inmate No. 642-828, BE.C.I.
P.O. Box 540
St. Clairsville, Ohio   43950

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:     Scott Zarzycki
          Katherine Mullin
Assistant County Prosecutors
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., A.J.:

{¶1} Ellord Wells has filed a timely application for reopening pursuant to App.R. 26(B). Wells is attempting to reopen the appellate judgment that was rendered by this court in *State v. Wells*, 8th Dist. Cuyahoga No. 100365, 2014-Ohio-3032, which affirmed his plea of guilty and sentence to the offense of rape, but remanded for resentencing in order for the trial court to make the necessary findings prior to the imposition of consecutive sentences per R.C. 2929.14(C). For the following reasons, we decline to reopen Wells's original appeal.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, Wells is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767.

{¶3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland.*

{¶4} Herein, Wells raises three proposed assignments of error in support of App.R. 26(B) application for reopening: (1) trial court abused its discretion during the sentencing hearing

because of judicial bias; (2) the plea of guilty to the offense of rape did not comply with Crim.R. 11(C); and (3) trial counsel was ineffective as a result of failing to file a pretrial motion that challenged a defective indictment.

{¶5} A guilty plea is a complete admission of the defendant's guilt. A counseled plea of guilty, that is voluntarily and knowingly given, removes the issue of factual guilt from the case. *State v. Siders*, 78 Ohio App.3d 699, 605 N.E.2d 1283 (11th Dist.1992). When a defendant enters a plea of guilty, he waives all appealable errors that might have occurred at trial unless the errors precluded the defendant from entering a knowing and voluntary plea. *State v. Barnett*, 73 Ohio App.3d 244, 596 N.E.2d 1101 (2d Dist.1991), citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). A plea of guilty even waives the right to claim that a defendant was prejudiced by ineffective counsel, except to any defects that caused the plea to be less than knowing and voluntary. *Id*. at 249; s*ee also State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48.

{¶6} Through his initial proposed assignment of error, Wells argues that the trial court exhibited judicial bias during the course of sentencing. A review of the hearing of July 1, 2013, fails to demonstrate that the trial court displayed any hostile feelings, spirit of ill will, undue friendship or favoritism toward one of the litigants or attorneys. *State v. Dennison*, 10th Dist. Franklin No. 12AP-718, 2013-Ohio-5535. In addition, the Supreme Court of Ohio has held that "judicial remarks during the course of trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *State ex rel. Pratt v. Weygant*, 164 Ohio St. 463, 132 N.E.2d 191 (1956). Therefore, we find no prejudice as claimed by Wells's first proposed assignment of error.

{¶7} Through his second proposed assignment of error, Wells argues that his plea of

guilty was not voluntary and knowing. Crim.R. 11(C) provides that a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The purpose of Crim.R. 11(C) is to provide the defendant with the information necessary to make a voluntary and intelligent decision regarding a plea of guilty. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263.

{¶8} The entry of a plea that is voluntary and knowing on the part of the defendant requires that the trial court engage in an oral dialogue with the defendant in compliance with Crim.R. 11(C)(2). *State v. Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996). Crim.R. 11(C)(2) mandates that the trial court determine, through a colloquy, whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the plea of guilty, and (3) the constitutional rights waived by a plea of guilty.

{¶9} Herein, the transcript of the plea hearing of June 6, 2013, clearly indicates that the trial court fully complied with the mandatory requirements of Crim.R. 11. Before accepting Wells's plea of guilty, the trial court conducted a hearing and engaged in a colloquy regarding Wells's understanding of the nature of the pending charges, the potential penalties, the consequences of the plea agreement, and his constitutional rights. The trial court ensured that Wells was not under the influence of drugs, medication, or alcohol and that he was satisfied with the representation of counsel. The trial court then advised Wells of the charge, including the maximum penalty. Wells indicated that he understood the trial court's explanation of his rights, the waiver of his rights, the maximum possible sentence and fine, and his satisfaction with counsel.

{¶10} Specifically, the trial court advised Wells of his constitutional rights, including the right to legal representation, right to a jury trial, the state proving the criminal charges beyond a

reasonable doubt, the right to confront all witnesses, the right to compulsory process, the right to remain silent, the maximum penalty on a fine, and postrelease control. Finally, the trial court advised Wells that his plea of guilty would constitute a complete admission of the truth of the criminal charge and that by entering a plea of guilty, he waived the rights as explained. We thus find that Wells entered a voluntary and intelligent plea of guilty and that the trial court fully complied with the requirements of Crim.R. 11(C). Therefore, we find no prejudice as claimed by Wells vis-a-vis his second proposed assignments of error.

{¶11} Wells, through his third proposed assignment of error, argues that trial counsel was ineffective as a result of failing to challenge the indictment. However, Wells has failed to establish that the indictment, that charged him with rape and kidnapping, was defective in any manner. The indictment provided Wells with sufficient notice that he was charged with the offenses of rape and kidnapping. *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162. It must also be noted that Wells's plea of guilty waived all appealable errors that might have occurred at trial with regard to the indictment. *State v. Barnett*, *supra.* Therefore, we find no prejudice as claimed by Wells vis-a-vis his third proposed assignments of error.

{¶12} Accordingly, the application for reopening is denied.

_____
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR