[Cite as *State v. Mitchell*, 2019-Ohio-4256.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107242 |
| v. | : | |
| TERRANCE MITCHELL, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** October 16, 2019

Cuyahoga County Court of Common Pleas
Case No. CR-17-620376-A
Application for Reopening
Motion No. 529800

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christopher D. Schroeder, Assistant Prosecuting Attorney, *for appellee.*

Terrance Mitchell, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Terrance Mitchell has filed a timely App.R. 26(B) application for reopening. Mitchell is attempting to reopen the appeal rendered in *State v. Mitchell*, 8th Dist. Cuyahoga No. 107242, 2019-Ohio-1357, which affirmed his sentence for

pandering sexually oriented matter involving a minor, illegal use of a minor in nudity-oriented material or performance, and possessing criminal tools. We decline to grant Mitchell's application for reopening because he fails to establish a claim of ineffective assistance of appellate counsel nor that he was prejudiced.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, Mitchell is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

{¶ 3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland.*

{¶ 4} Moreover, even if Mitchell establishes that an error by his appellate counsel was professionally unreasonable, Mitchell must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, with regard to an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

## II. Effect of Plea of Guilty on App.R. 26(B)

{¶ 5} In the case sub judice, Mitchell entered a plea of guilty to the charged offenses of pandering sexually oriented matter involving a minor, illegal use of a minor in nudity-oriented material or performance, and possessing criminal tools. A plea of guilty waives a defendant's right to challenge his or her conviction on all potential issues except for jurisdictional issues and the claim that ineffective assistance of counsel caused the guilty plea to be less than knowing, intelligent, and voluntary. *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986); *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818; *State v. Szidik*, 8th Dist. Cuyahoga No. 95644, 2011-Ohio-4093; *State v. Salter*, 8th Dist. Cuyahoga No. 82488, 2003-Ohio-5652.

{¶ 6} By entering a plea of guilty, Mitchell waived all appealable errors that might have occurred at trial unless the errors prevented Mitchell from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991); *State v. Barnett*, 73 Ohio App.3d 244, 596 N.E.2d 1101 (2d Dist. 1991). Our

review of the plea transcript clearly demonstrates that the trial court meticulously complied with the mandates of Crim.R. 11 and that Mitchell entered a knowing, intelligent, and voluntary plea of guilty. Specifically, the trial court informed Mitchell of the following waiver of rights and potential prison sentences: 1) the degree of each charged felony offense; 2) the maximum sentence and fine associated with each charged felony offense; 3) waiver of the right to a jury or bench trial; 4) waiver of the right that the state must prove guilt beyond a reasonable doubt; 5) waiver of the right to confront and cross-examine each witness called by the state; 6) Mitchell could not be compelled to testify against himself; 7) the court could immediately proceed with judgment and imposition of sentence upon Mitchell entering a plea of guilty; 8) the possibility of consecutive sentences with a maximum sentence of 121 years; 9) imposition of restitution, fees, and costs; 10) requirement of registration as a Tier 2 sex offender; 11) mandatory and permissive imposition of postrelease control; 12) the effects of violation of postrelease control; and 13) the possibility of a community control sentence. The trial court also inquired as to whether Mitchell was satisfied with his attorney and whether any threats or promises had been made to encourage the entry of a guilty plea. Because Mitchell's plea was knowingly, intelligently, and voluntarily made, and the claimed errors raised by Mitchell are not based upon any jurisdictional defects, the raised proposed assignments of error are waived. We further find that no prejudice can be demonstrated by Mitchell based upon appellate representation on appeal. *State v. Bates*, 8th Dist. Cuyahoga No. 100365, 2015-Ohio-297.

**{¶ 7}** Application for reopening is denied.

---

**MICHELLE J. SHEEHAN, JUDGE**

**MARY EILEEN KILBANE, A.J., and**
**FRANK D. CELEBREZZE, JR., J., CONCUR**