[Cite as *State v. Mitchell*, 2020-Ohio-3726.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,             :

                                          No. 109178

    v.                              :

TERRANCE MITCHELL,                      :

    Defendant-Appellant.            :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 16, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-620376-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christopher D. Schroeder and Brandon A. Piteo, Assistant Prosecuting Attorneys, *for appellee.*

Terrance Mitchell, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant Terrance Mitchell, appearing pro se, appeals the trial court's denial of his postsentence motion to withdraw his guilty plea. We affirm.

**Factual and Procedural Background**

{¶ 2} Mitchell pleaded guilty to multiple counts of pandering sexually oriented matter involving a minor, illegal use of a minor in nudity-oriented material or performance and possessing criminal tools and was sentenced to 12 years in prison. *State v. Mitchell*, 8th Dist. Cuyahoga No. 107242, 2019-Ohio-1357, ¶ 1, 4 ("*Mitchell I*"). He directly appealed, challenging his sentence. *Id.* at ¶ 5. This court affirmed. *Id.* at ¶ 1.

{¶ 3} Mitchell then filed an application for reopening with this court. *State v. Mitchell*, 8th Dist. Cuyahoga No. 107242, 2019-Ohio-4256 ("*Mitchell II*"). This court denied the application, finding that Mitchell failed to prove ineffective assistance of appellate counsel and that he failed to establish that he was prejudiced. *Id.* at ¶ 1. In so doing, the court observed that the trial court "meticulously" complied the Crim.R. 11 requirements and further, that Mitchell entered a knowing, voluntary and intelligent guilty plea. *Id.* at ¶ 6.

{¶ 4} During the pendency of the application to reopen, Mitchell filed a Crim.R. 32.1 motion to withdraw his guilty plea with the trial court. The court denied that motion. It is from that denial which Mitchell now appeals.

{¶ 5} Mitchell assigns two errors for our review:

1. The decision of the court provided no finding of fact or conclusion of law.

2. Mitchell's guilty plea was not knowing, or intelligent, as he anticipated litigating the multiple discrepancy of facts presented by Prosecution.

**Law and Analysis**

{¶ 6} Withdrawal of a guilty plea is governed by Crim.R. 32.1 which in relevant part provides:

> A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

This court reviews a trial court's denial of a Crim.R. 32.1 motion for abuse of discretion. *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 13.

{¶ 7} "[A] trial court has no jurisdiction to consider a defendant's motion to withdraw his or her guilty pleas under Crim.R. 32.1 after a court of appeals has affirmed the defendant's convictions." *State v. Grant*, 8th Dist. Cuyahoga No. 107499, 2019-Ohio-796, ¶ 14, citing *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978).

{¶ 8} In *Special Prosecutors*, the Ohio Supreme Court held:

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

*Id.* at 97-98.

{¶ 9} We find no abuse of discretion in this case because after this court affirmed Mitchell's convictions in *Mitchell I*, the trial court had no jurisdiction to consider his subsequent motion to withdraw his guilty plea. *See Grant* at ¶ 14.

{¶ 10} Nevertheless, even if we were to consider the merits of Mitchell's arguments on appeal, we would still find no error.

{¶ 11} There is no merit to Mitchell's claim that the court erred when it denied his motion without including findings of fact and conclusions of law. When deciding whether to grant a Crim.R. 32.1 motion, a trial court is under no obligation to support its decision with findings of facts and conclusions of law. *State v. Skipworth*, 8th Dist. Cuyahoga No. 103701, 2016-Ohio-3069, ¶ 15.

{¶ 12} Similarly, there is no merit to Mitchell's claim that his guilty plea was not knowing or intelligent. As noted, this court previously determined that Mitchell made his guilty plea knowingly, voluntarily and intelligently. *Mitchell II*, 2019-Ohio-4256 at ¶ 6.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR