[Cite as *State v. Mitchell*, 2021-Ohio-210.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109634 |
| v. | : | |
| TERRANCE MITCHELL, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 28, 2021

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-17-620376-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Brandon A. Piteo, Assistant Prosecuting
Attorney, *for appellee.*

Terrance Mitchell, *pro se.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Terrance Mitchell appeals the denial of his petition for postconviction relief. For the following reasons, we affirm.

{¶ 2} Mitchell pleaded guilty to multiple counts of pandering sexually oriented matter involving a minor, illegal use of a minor in nudity-oriented material or performance, and possessing criminal tools. He was sentenced to a 12-year aggregate term of imprisonment. *State v. Mitchell*, 8th Dist. Cuyahoga No. 107242, 2019-Ohio-1357, ¶ 1, 4. After his direct appeal, Mitchell filed an application for reopening pursuant to App.R. 26(B), in part claiming that his appellate counsel was ineffective for failing to advance a claim of ineffective assistance of trial counsel that rendered Mitchell's plea involuntary. *State v. Mitchell,* 8th Dist. Cuyahoga No. 107242, 2019-Ohio-4256, ¶ 5. The panel concluded that Mitchell's guilty plea was knowingly, intelligently, and voluntarily entered. *Id.* at ¶ 6. During that same time, Mitchell also filed a Crim.R. 32.1 motion to withdraw his guilty plea, which was denied on the basis that his guilty plea had been affirmed on appeal — an act depriving the trial court of jurisdiction to grant Mitchell's motion to withdraw his guilty plea. *State v. Mitchell*, 8th Dist. Cuyahoga No. 109178, 2020-Ohio-3726, ¶ 7, citing *State v. Grant*, 8th Dist. Cuyahoga No. 107499, 2019-Ohio-796, ¶ 14, and *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978).

{¶ 3} In addition to those attempts to withdraw his guilty plea, Mitchell also filed a timely petition for postconviction relief, in which he claims his trial counsel was ineffective for providing the prosecutor with erroneous information regarding Mitchell's marriage and for failing to raise issues with the inventory sheets generated after a search warrant was executed at Mitchell's residence. Mitchell claims his

signature was forged and that a handwritten entry was added after he received an unsigned copy. In light of those allegations, Mitchell claims his guilty plea was invalid and his convictions should be vacated.

{¶ 4} The law is well settled. "The postconviction relief process is a civil collateral attack on a criminal judgment, in which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting the issues is not contained in the record of the petitioner's criminal conviction." *State v. Curry*, 8th Dist. Cuyahoga No. 108088, 2019-Ohio-5338, ¶ 12, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905, and *State v. Carter*, 10th Dist. Franklin No. 13AP-4, 2013-Ohio-4058, ¶ 15. "[C]ourts are not required to hold a hearing in every postconviction case." (Citations omitted.) *State ex rel. Madsen v. Jones*, 106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, ¶ 10. Before granting a hearing on a petition for postconviction relief, "the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(D). "In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner * * *." *Id.*

{¶ 5} A trial court's ruling on a petition for postconviction relief is reviewed for an abuse of discretion. *Curry* at ¶ 15, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. "The trial court does not abuse its discretion in dismissing a petition without a hearing if (1) the petitioner fails to set out

sufficient operative facts to establish substantive grounds for relief, or (2) the operation of res judicata prohibits the claims made in the petition." *Id.*, citing *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15. In this case, Mitchell failed to demonstrate sufficient operative facts to establish that his counsel's allegedly deficient performance negatively impacted Mitchell's decision to plead guilty. Although Mitchell's challenge to the knowing, voluntary, and intelligent nature of his guilty plea is likely precluded under the operation of res judicata, in light of the earlier panel's conclusion to the contrary, we need not address this concern. Mitchell failed to set forth sufficient operative facts to establish grounds for relief.

{¶ 6} As it pertains to Mitchell's alleged constitutional claims against his guilty plea, "[a] defendant has the ultimate authority to decide whether to plead guilty." *State v. Grate*, Slip Opinion No. 2020-Ohio-5584, ¶ 121, citing *Florida v. Nixon*, 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). In order to demonstrate ineffective assistance related to a decision to plead guilty, and thus rise to the level of a constitutional violation for the purposes of the postconviction relief statute, a defendant "must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*, citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 89, citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The only two issues identified by Mitchell in the petition for postconviction relief relate to an inventory of a search conducted at the time of

Mitchell's arrest and certain statements about Mitchell's marriage and other background information presented to the prosecutor during the pretrial proceedings.

{¶ 7} With respect to the inventory sheets, Mitchell was aware of the issue before he pleaded guilty. In fact, Mitchell expressly claims that he provided his trial counsel with a copy of the disputed inventory sheets, and more to the point, "shared the details" of the issues with the inventory sheets with trial counsel several times. Mitchell has not explained how the inventory sheets impeded his knowingly, voluntarily, or intelligently entering his guilty plea, nor has he provided any indication that his trial counsel erroneously advised Mitchell of the consequences of such an error. Even if, for the sake of discussion, we presume the inventory sheets somehow impacted his decision to plead guilty, Mitchell was aware of the potential issues with the inventory sheets and disclosed those issues to his trial counsel before deciding to plead guilty.

{¶ 8} It necessarily follows that even if we concluded that trial counsel's performance was deficient for failing to pursue arguments based on the inventory sheets, Mitchell has not demonstrated that but for such an error, he would have declined the plea deal and proceeded to trial. Mitchell was aware of the alleged defect in the inventory sheets at the time he entered his guilty plea, shared his concerns with trial counsel, and still decided against trial — a decision that solely rests with the defendant. *Grate* at ¶ 121. Further, Mitchell has failed to explain how

any error with trial counsel's presentation of Mitchell's biographical information to the prosecutor impacted Mitchell's decision to plead guilty. App.R. 16(A)(7).

{¶ 9} We are unable to conclude that the trial court erred in denying Mitchell's petition for postconviction relief without a hearing. Mitchell failed to demonstrate any substantive ground for relief. Accordingly, we overrule the sole assignment of error and affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
EILEEN A. GALLAGHER, J., CONCUR